**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **LARRY MCCULLY** § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. _____ |
| § | |
| **UNITED PROPERTY & CASUALTY** § | |
| **INSURANCE COMPANY AND** § | |
| **KELLEY EARLE** § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC" or "Defendant), Defendant herein, removes to this Court the state court action originally pending in the 60th Judicial District Court of Jefferson County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

**I. BACKGROUND**

1. On August 19, 2019, Plaintiff LARRY MCCULLY("Plaintiff") filed the present action in the 60th Judicial District Court of Jefferson County, Texas, bearing Cause No. B-204309 (the "State Court Action") against Defendants UPC and KELLEY EARLE. *See Plaintiffs' Original Petition*, attached hereto in **Exhibit B**.

2. UPC was served notice of this lawsuit on August 29, 2019. *See* **Exhibit B**. Defendant KELLEY EARLE ("EARLE" or "Adjuster") was dismissed from this action with prejudice by the state court on October 22, 2019 by way of Defendant UPC's *Election of Legal*

*Responsibility Under Section 542A.006 of the Texas Insurance Code. See Signed Order of Dismissal of Defendant Kelley Earle. Id.*

3. Pursuant to 28 U.S.C. § 1446(b)(3), this *Notice of Removal* has been timely filed by Defendant within thirty (30) days following receipt of the Signed *Order dismissing Defendant Kelley Earle. i.e.*, when the case first became removable. *See* **Exhibit B**.

4. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated herein under **Exhibit B**.

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this *Notice of Removal*, Defendant will give written notice of the removal to Plaintiff LARRY MCCULLY through his attorneys of record, and to the clerk of the 60th Judicial District Court of Jefferson County, Texas.

## II. JURISDICTION

6. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff LARRY MCCULLY and Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND DEFENDANT UPC**

7. Plaintiff LARRY MCCULLY is domiciled in Jefferson County, Texas. In his *Original Petition*, Plaintiff alleges that he is an individual residing in Jefferson County, Texas. *See Plaintiffs' Original Petition*, **Exhibit B** at p. 2. Pursuant to 28 U.S.C. § 1332(a), Plaintiff is a citizen of the State of Texas.

8. Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY is a foreign organization incorporated pursuant to the laws of the State of Florida and does not have its principal place of business in Texas. Pursuant to 28 U.S.C. § 1332(c)(1), UPC is a citizen of the

State of Florida.

9. Plaintiff is a citizen of the State of Texas, and the sole remaining Defendant is a citizen of the State of Florida. Therefore, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.  COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND DEFENDANT UPC BECAUSE DEFENDANT KELLEY EARLE WAS IMPROPERLY JOINED**

10. Further and in the alternative, Defendant KELLEY EARLE should be disregarded for the purposes of affirming diversity jurisdiction because Plaintiff improperly joined Defendant KELLEY EARLE solely to defeat diversity jurisdiction. Specifically, the claims against KELLEY EARLE alleged by Plaintiff were no longer viable due to UPC's election pursuant to §542A.006 and KELLEY EARLE was dismissed from this action by the state court.

11. A dismissal under §542A.006 of the Texas Insurance Code is final and unappealable and is appropriately viewed as a dismissal for improper joinder. *See Yan Qing Jiang v. Travelers Home & Marine Ins. Co.,* 1:18-CV-758-RP, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2019); *Flores v. Allstate Vehicle & Prop. Ins. Co.,* Civil Action No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018); *Electro Grafix, Corp. v. Acadia Ins. Co.,* Civil Action No. SA-18-CA-589-XR, 2018 WL 3865416, at *4 (W.D. Tex. Aug. 14, 2018).

12. Because Plaintiff's claims against Defendant KELLEY EARLE are not viable due to §542A.006 of the Texas Insurance Code, Defendant KELLEY EARLE was improperly joined, and there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**C.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

13. Plaintiff's *Original Petition* states that "Plaintiffs seek monetary relief over $200,000.00, but not more than $1,000.000.00." *See Plaintiffs' Original Petition*, **Exhibit B** at p. 6. Plaintiff's Petition shows on its face that Plaintiffs' claims are in excess of $75,000.00 excluding

interest and costs. Therefore, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)-(B) is satisfied.

### III. VENUE

14. Venue for removal is proper in this district and division because this district embraces the 60th Judicial District Court of Jefferson County, Texas, the forum in which the removed action was pending.

### IV. EXHIBIT INDEX

**Exhibit A**  Index of Matters Being Filed;

**Exhibit B**  All executed process in this case, including copies of: Citation for Defendant United Property & Casualty Insurance Company, Return, Defendant United Property & Casualty Insurance Company's Original Answer to Plaintiff's Original Petition, Plaintiff's Original Petition, Defendant United Property & Casualty Insurance Co.'s Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code, Proposed Order of Dismissal of Defendant Kelley Earle, Citation for Defendant Kelley Earle, Affidavit in Support of Substitute Service  Executed Order of Dismissal of Defendant Kelley Earle, and District Clerk's Docket Sheet

**Exhibit C**  List of all Counsel of Record

**Exhibit D**  Civil Cover Sheet

### V. CONCLUSION

15. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

## VI. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY, respectfully prays that the state court action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court and that this Court issue all necessary orders. Defendant further requests any additional relief to which it may be justly entitled.

DATE: October 28, 2019.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
Sarah R. Smith
*Attorney-In-Charge*
Texas State Bar No. 24056346
Gene M. Baldonado
Texas State Bar No. 24071065
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
gene.baldonado@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on October 28, 2019, via e-filing addressed to:

Clint Brasher                                          *Via eService*
Nishi Kothari
Joe Muckleroy
BRASHER LAW FIRM, PLLC
6430 Wellington Place
Beaumont, Texas 77706
Telephone: (409) 832-3737
Facsimile: (409) 832-3838
clint@brasherattorney.com
nishi@brasherattorney.com
joe@brasherattorney.com

ATTORNEYS FOR PLAINTIFF
LARRY MCCULLY

                                                            */s/ Sarah R. Smith*
                                                            Sarah R. Smith