FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/19/2019 12:35 PM
JAMIE SMITH
DISTRICT CLERK
B-204309

CAUSE NO. B-204309

| | | |
|---|---|---|
| LARRY MCCULLY | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | 60th JUDICIAL DISTRICT |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY AND | § | |
| KELLEY EARLE | § | |
| Defendants | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF, LARRY MCCULLY (the "Plaintiff") complaining of and against UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPCIC") and KELLEY EARLE ("EARLE") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

1.01 Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

2.01 Plaintiff, Larry McCully is an individual and resident of Jefferson County, Texas and citizen of the state of Texas.

2.02 Defendant, UPCIC is a for-profit, foreign insurance company doing business in the state of Texas with its principal place of business in Florida. UPCIC may be served with process by serving its registered agent for service: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

2.03 Defendant, Kelley Earle is an individual and resident of Harris County, Texas and a citizen of the state of Texas. Earle may be served with process at her residence located at 1939 Windy Green Dr., Kingwood, Texas, 77345.

### III. JURISDICTION AND VENUE

3.01 This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.02 Venue is mandatory and proper in Jefferson County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* TEX. CIV. PRAC. & REM. CODE § 15.002).

### IV. CONDITIONS PRECEDENT

4.01 All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

5.01 UPCIC sold Plaintiff a homeowner's insurance policy, policy number UTW 5561531 (hereinafter referred to as the "policy").

5.02 Plaintiff owned the property insured under the policy that is specifically located at 7550 Forest Park Drive, Beaumont, Texas (hereinafter referred to as the "property").

5.03 On or about August 29, 2017, Plaintiff's property sustained damages from Hurricane Harvey. Plaintiff and his family were forced to evacuate, and upon their return, they discovered

the French doors blown open, which allowed water to enter the residence. Further, Plaintiff discovered water had entered through the roof, causing damage throughout his home.

5.04   Wind forces from Harvey created openings in the roof and blew open a set of exterior French doors, allowing water to penetrate into the property. Plaintiff's property sustained damages to the walls, ceilings, floors, studs, rafters, sheetrock, and baseboards. Plaintiff's personal property also sustained damage as a result of Harvey.

5.05   Plaintiff filed a claim with his insurance company, UPCIC, for the damages to his property caused by the Harvey. Plaintiff asked that UPCIC cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

5.06   UPCIC assigned claim number 2017TX027048 to the claim. The date of loss was assigned as August 29, 2018.

5.07   UPCIC assigned Earle to adjust and handle the claim.

5.08   On September 30, 2017, Earle sent Plaintiff a letter denying coverage for the roof and exterior doors and accepted coverage for some the interior damage and personal property.

5.09   Between September 30, 2017 and November 30, 2017, Plaintiff provided Earle and UPCIC with photographs of the damage, repair estimates, and lists of damaged personal property.

5.10   On November 30, 2017, Earle sent Plaintiff a second letter maintaining its denial of the roof and French doors, but increased the amount covered to the interior and personal property.

5.11   Earle and UPCIC failed to conduct a reasonable investigation and failed to properly adjust the claim, which resulted in an improper denial of part of Plaintiff's claim. Defendants' unreasonable investigation resulted in an underpayment of funds that caused the property damage to worsen. Defendants' unreasonable investigation include a refusal to consider the evidence supporting coverage. Defendant's failed to consider that the French doors were blown open during

Harvey and failed to consider the findings of Plaintiff's roofer that the roof's shingles were lifted by wind.

5.12  To date, UPCIC continues to improperly deny coverage and continues to deny paying what it fully owes under the policy. As such, Plaintiff's claims remain unpaid and Plaintiff has not been able to properly repair the Property.

5.13  UPCIC failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Specifically, it failed and refused to pay full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. UPCIC's conduct constitutes a breach of the insurance contract between UPCIC and Plaintiff.

5.14  UPCIC misrepresented to Plaintiff that "normal wear and tear" allowed water to enter Plaintiff's home even though the water entered though wind lifted shingles and French doors that were blown open by Harvey winds. UPCIC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a) (1).

5.15  UPCIC failed to attempt to settle Plaintiff's claim in a fair and equitable manner, although UPCIC's liability to pay Plaintiff was reasonably clear under the Policy. UPCIC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

5.16  UPCIC refused to fully compensate Plaintiff under the terms of the Policy, even though UPCIC failed to conduct a reasonable investigation. Specifically, UPCIC performed an outcome-oriented investigation by ignoring all evidence supporting coverage. UPCIC's unreasonable investigation resulted in a biased, unfair, and inadequate evaluation of Plaintiff's losses and

resulted in further damage to Plaintiff's property. UPCIC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

5.17 UPCIC failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. UPCIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

## VI. 1ST CAUSE OF ACTION: BREACH OF CONTRACT

6.01 Plaintiff incorporates by reference the above paragraphs as if stated herein more fully.

6.02 To prevail on a valid breach of contract claim, Plaintiff must prove that 1) there was a valid contract; 2) that Plaintiff has performed his obligations under the contract or tendered performance; 3) that the defendant has breached the contract in some manner; and 4) plaintiff has sustained damages as a result of defendant's breach. *See Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex.App.—San Antonio 2015, pet. denied).

6.03 At the time Harvey damaged Plaintiff's property, Plaintiff had in place a policy issued by UPCIC. Defendant does not dispute that a valid contract was in place.

6.04 Plaintiff's premiums were current, and all conditions precedent to recovery were made. Furthermore, Plaintiff fulfilled his obligations under the policy, and more specifically, executed his duties under the contract after loss.

6.05 UPCIC wrongfully failed to comply with the terms of the contract, as it relates to their duties after loss by failing to conduct a reasonable investigation and pay Plaintiff the full benefits owed after a covered loss. UPCIC is therefore in breach of the contract of insurance issued to Plaintiff.

6.06  UPCIC's conduct constitutes a breach of contract resulting in damages to the Plaintiffs.

### VIII.  2nd CAUSE OF ACTION: DTPA

7.01  Plaintiff incorporates by reference the above paragraphs as if stated more fully herein.

7.02  Plaintiff is a "consumer" as defined by TEX. BUS. & COMM. CODE § 17.45(4). Plaintiff sought or acquired goods or services by purchasing those goods or services from UPCIC and Earle. UPCIC and Earle violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") (TEX. BUS. & COM. CODE §17.44 et seq.) because they engaged in false, misleading and/or deceptive acts or practices that Plaintiff relied on to his detriment.

7.03  The acts and omissions of Defendants also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

    a.  Committing false, misleading or deceptive acts or practices as defined by §17.46(b);

    b.  Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein; and

7.04  The acts and omissions of Defendants were a producing cause of the Plaintiff's damages.

7.05  Defendants' conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendants had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiff's claim and they acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

7.06  Plaintiff gave Defendants notice as required by DTPA §17.50(a), and time to respond to such notice has expired.

### VIII.  3RD CAUSE OF ACTION: §541 ET SEQ. TEXAS INSURANCE CODE

8.01  Plaintiff reincorporates by reference the above paragraphs as if stated herein more fully.

8.02    UPCIC and Eale violated the TEXAS INSURANCE CODE § 541 et seq. because they engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, its acts and omission include violation of:

(a)    Tex. Ins. Code §541.051(1), (4);

(b)    Tex. Ins. Code §541.052;

(c)    Tex. Ins. Code §541.059;

(d)    engaging in unfair settlement practices by:

   (i)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue (TEX. INS. CODE §541.060(a)(1));

   (ii)   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which liability has become reasonably clear (TEX. INS. CODE §541.060(a)(2));

   (iii)  failing to promptly provide Plaintiff a reasonable explanation of the factual and legal basis in the policy for the denial of the claim ((TEX. INS. CODE §541.060(a)(3));

   (iv)   failing to affirm or deny coverage within a reasonable time or submit a reservation of rights (TEX. INS. CODE §541.060(a)(4)); and

   (v)    refusing to pay a claim without conducting a reasonable investigation of the claim (TEX. INS. CODE §541.060(a)(7)).

(e)    misrepresenting Plaintiff's insurance policy by:

   (i)    making an untrue statement of material fact (TEX. INS. CODE §541.061(1));

   (ii)   failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made (TEX. INS. CODE §541.061(2)); and

   (iii)  making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact (TEX. INS. CODE §541.061(2)); and

(f)    §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

8.03    Defendants' conduct was committed knowingly because it had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiff's claim for damages under the TEXAS INSURANCE CODE.

8.04    Plaintiff gave Defendants notice as required by §541.154 of the TEXAS INSURANCE CODE. The time to respond to such notice has expired.

8.05    Defendants' conduct described above was a producing cause of Plaintiff's damages.

        IX.    4TH CAUSE OF ACTION: TEXAS INS. CODE SECTION 542

9.01    Plaintiff reincorporates by reference the above paragraphs as if stated herein more fully.

9.02    UPCIC violated the Texas Insurance Code section 542 because it failed to do the following within the statutorily mandated time of receiving all necessary information:

    (1) Failing to timely acknowledge the Plaintiff's claim;

    (2) Failing to commence an investigation of Plaintiff's claim;

    (3) Failing to request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines;

    (4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiff's claim;

    (5) Failing to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all information;

    (6) Failing to pay Plaintiff's claim without delay; and

    (7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiff's claim.

9.03    UPCIC violated the Texas Insurance Code section 542 by:

    (1) Knowingly misrepresented to the Plaintiff pertinent facts or policy provisions relating to coverage;

    (2) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

(3) Not attempting in good faith to effect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

(4) Compelling Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiff.

9.04 Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058. As a result of the foregoing violations, Plaintiff requests damages under Texas Insurance Code section 542.060.

### X. 5TH CAUSE OF ACTION: GOOD FAITH AND FAIR DEALING

10.01 Plaintiff reincorporates by reference the above paragraphs as if stated more fully herein.

10.02 UPCIC owed Plaintiff a duty of good faith and fair dealing. UPCIC breached this duty when they conducted an unreasonable investigation, denied Plaintiff's claim, and misrepresented material facts because Defendant knew or should have known that it was reasonably clear that Plaintiff's claim was covered. Defendant's breach of this duty was a proximate cause of Plaintiff's damages.

### XI. AMBIGUITY

11.01 The policy in place at the time of Hurricane Harvey, policy number UTW5561531 contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss.

### XII. WAIVER AND ESTOPPEL

12.01 UPCIC has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### XIII. DAMAGES

13.01 As a direct result of Defendants' conduct, Plaintiff has suffered economic damages all of which he is entitled to recover. Plaintiff is entitled to recover, in addition to the amount of the

claim, interest on the amount of the claim at the rate of 10 percent a year as damages, together with reasonable attorney's fees. Plaintiff is also entitled to recover mental anguish damages because Defendants acted in bad faith and because Defendants' knowing conduct was the producing cause of Plaintiff's mental anguish.

13.02 Pursuant to the DTPA and the TEXAS INSURANCE CODE, Plaintiff is also entitled to recover treble damages because Defendants' conduct was committed knowingly.

13.03 Plaintiff is entitled to exemplary damages as a result of Defendants' breach of duties owed. When viewed objectively from the standpoint of the Defendants at the time of the occurrence in question, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

13.04 Based on the information currently available to Plaintiff, Plaintiff believes his damages exceed $200,000.00, but are less than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees, Plaintiff reserves the right to decrease or increase this amount as further information becomes available.

### XIV. ATTORNEY'S FEES

14.01 Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA § 17.50(d), and TEXAS INSURANCE Codes § 541.152 and §542.060, Plaintiff seeks recovery of his reasonable and necessary attorney's fees and court costs.

### XV. REQUEST FOR DISCLOSURE

15.01 Under the authority of the Texas Rules of Civil Procedure 194, Plaintiff requests that the Defendants discloses, within 50 days for the service of this request, the information or material described in Rule 194.2(a)-(l).

## XVI. PRAYER

16.01 For these reasons, Plaintiff asks that he have judgment against Defendants for his economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiff may show himself entitled.

Respectfully Submitted,

By: */s/ Joe Muckleroy*
Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
6430 Wellington Place
Beaumont, Texas 77706
(409) 832-3737 Telephone
(409) 832-3838 Fax