FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/20/2019 9:55 AM
JAMIE SMITH
DISTRICT CLERK
B-204309

CAUSE NO: B-204309

| | | |
|---|---|---|
| **LARRY MCCULLY** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **KELLEY EARLE** | § | **60TH JUDICIAL DISTRICT** |

**DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant in the above-entitled and numbered cause, and files this, its *Original Answer to Plaintiff's Original Petition with Request for Disclosures*, and would respectfully show unto the Court the following:

**I.
GENERAL DENIAL**

1. Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC" or "Defendant") asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff LARRY MCCULLY ("MCCULLY" or "Plaintiff") be required to prove her charges and allegations against UNITED PROPERTY & CASUALTY INSURANCE COMPANY by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

## II.
## DEFENSES

2. Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY denies that the required conditions precedent were performed and/or occurred.

3. The damages allegedly sustained by Plaintiff may have been the result of actions or omissions of individuals over whom United Property & Casualty Insurance Company had no control, including but not limited to Plaintiff, therefore, UPC is not liable to Plaintiff.

4. Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY issued a policy of insurance to Plaintiff LARRY MCCULLY, bearing policy number UTW5561531 (the "Policy"), and UPC adopts its terms, conditions and exclusions as if copied *in extenso*.

5. The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

6. The Policy does not cover damages which occurred prior to policy inception.

7. The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.

8. The Policy does not cover claims or damages arising out of flood.

9. The Policy requires direct, physical loss.

10. UPC is entitled to any credits or set-offs for prior payments by itself or other third parties.

11. To the extent that Plaintiff's damages are determined to be the result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

12. Plaintiff's extra-contractual claims alleging bad faith fail because a *bona fide*

controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits.

13. To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

14. Plaintiff's extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiff's underlying insurance claim is necessary to establish any basis for Plaintiff's extra-contractual Texas Insurance Code claims. Because Plaintiff's allegations are generally based on UPC's alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions precludes Plaintiff's extra-contractual, Texas Insurance Code claims.

### III.
### REQUEST FOR DISCLOSURES

15. Pursuant to Rule 194, Plaintiff is requested to disclose the information or material described in Rule 194 of the Texas Rules of Civil Procedure.

### IV.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY respectfully prays that Plaintiff LARRY MCCULLY take nothing by his suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which UNITED PROPERTY & CASUALTY INSURANCE COMPANY may be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_/ s / Sarah Smith_
Sarah R. Smith
Texas Bar No: 24056346
Gene M. Baldonado
Texas Bar No. 24071065
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax: (713) 759-6830
sarah.smith@lewisbrisbois.com

**ATTORNEY FOR DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above pleading was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 20th day of September, 2019.

| | |
|---|---|
| Clint Brasher | *Via Eservice* |
| Nishi Kothari | |
| Joe Muckleroy | |
| BRASHER LAW FIRM, PLLC | |
| 6430 Wellington Place | |
| Beaumont, Texas 77706 | |
| clint@brasherattorney.com | |
| nishi@brasherattorney.com | |
| joe@brasherattorney.com | |
| *Attorneys for Plaintiff* | |

_/s/ Sarah R. Smith_
Sarah R. Smith